IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADE M. BLACKMAN, et al., | ) | |
| | ) | 8:04cv628 |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| | ) | |
| WANDA W. BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on (1) filing no. 17, the Motion to Dismiss filed by the defendants, Wanda W. Brown, Kathleen M. Kelm, and C. Sherwood; and (2) filing no. 21, the Objection to dismissal filed by the plaintiffs, Wade M. Blackman and Deadra L. Blackman.  The plaintiffs have sued three employees of the Internal Revenue Service ("IRS") who filed a notice of federal tax lien against the plaintiffs' real property in Madison County, Nebraska on or about September 28, 2004, in connection with unpaid federal income tax obligations.  In filing no. 16, entitled "Amended Title 42, § 1983 Bivens Complaint for Civil Rights Damages," the plaintiffs accuse the IRS agents of violating the plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as their natural rights and civil rights by filing the false and fraudulent tax liens.

The defendants move for dismissal on the basis of Fed. R. Civ. P. 12(b)(1) and (6), i.e., lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.  At a minimum, the plaintiffs have failed to state a claim on which relief may be granted under the Constitution or laws of the United States.

42 U.S.C. § 1983

First, the defendants correctly state that 42 U.S.C. § 1983 has no application to the federal government or its employees acting under color of *federal* law. 42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights by *state* actors. A claim for relief in an action under 42 U.S.C. § 1983 requires a plaintiff to establish that he or she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of *state* law.

Declaratory Judgment

Pursuant to 28 U.S.C. § 2201(a), a federal district court has no power to enter a declaratory judgment "with respect to federal taxes," with a limited exception for declaratory relief under 26 U.S.C. § 7428 regarding certain charitable organizations. Similarly, the Anti-Injunction Act, 26 U.S.C. § 7421, prohibits lawsuits "for the purpose of restraining the assessment or collection of any tax ...."

Federal Tort Claims Act

Although the United States has consented to suit under the Federal Tort Claims Act ("FTCA"), the FTCA does not apply to this case. Under the FTCA, the United States waives its sovereign immunity for damages claims regarding "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, 28 U.S.C. § 2680(c) precludes suit under the FTCA for "[a]ny claim arising in respect of the assessment or collection of any tax." Even if this action could somehow be construed to involve an injury or loss not relating to the assessment or collection of a tax, the plaintiffs have not alleged compliance with the administrative claim requirement which is a prerequisite to filing a claim under the FTCA. See 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....

(Emphasis added.)

Bivens" Action

A "Bivens action" may be maintained against federal officials in their individual capacity for their constitutional torts. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), in which the Supreme Court recognized that damages may be obtained for constitutional injuries inflicted by individual federal officials. However, the Eighth Circuit has not allowed a Bivens action for alleged violation of due process in the context of tax assessment and collection. See Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1453-54 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995):

> The district court dismissed these claims on the ground that a taxpayer's remedies under the Internal Revenue Code preclude such a Bivens action. Vennes cites us to no contrary authority, and we have found none. Though the Supreme Court has not addressed this precise question,

3

> it has strongly suggested that the district court correctly applied <u>Bivens</u>: When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional <u>Bivens</u> remedies. <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423 ... (1988) ....
>
> Since <u>Chilicky</u>, at least three circuits have upheld the dismissal of <u>Bivens</u> actions against IRS agents for tax assessment and collection activities ....We agree with those decisions.

Accord <u>Searcy v. Donelson</u>, 204 F.3d 797, 798 (8th Cir. 2000); <u>Porter v. Fox</u>, 99 F.3d 271, 274 (8th Cir. 1996). See also <u>Adams v. Johnson</u>, 355 F.3d 1179, 1185 (9th Cir. 2004); <u>Shreiber v. Mastrogiovanni</u>, 214 F.3d 148, 149, 149 n. 1 (3d Cir. 2000); <u>Fishburn v. Brown</u>, 125 F.3d 979, 982-83 (6th Cir. 1997).

<u>26 U.S.C. § 7433</u>

26 U.S.C. § 7433 permits the recovery of damages from an officer or employee of the IRS who "recklessly or intentionally, or by reason of negligence disregards" the tax laws or regulations. Such damages are limited to "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee" of the IRS. However, 26 U.S.C. § 7433(d)(1) states: "Requirement that administrative remedies be exhausted.--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The plaintiffs have not exhausted such administrative remedies.

26 U.S.C. § 7429 permits a taxpayer to challenge a jeopardy assessment administratively and judicially. Similarly, 26 U.S.C. § 7432, provides civil damages under

4

certain circumstances for failure to release certain tax liens.   However, the plaintiffs present no indication that they have pursued any remedies available to them under the Tax Code.

IT IS THEREFORE ORDERED:

1. That filing no. 17, the defendants' Motion to Dismiss, is granted;

2. That filing no. 21, the plaintiff's Objection to dismissal, is denied;

3. That this action and the plaintiffs' Amended Complaint are dismissed without prejudice; and

4. That a separate judgment will be entered accordingly.

DATED this 28th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge